So Ordered.

Dated: March 5, 2021



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    JOHN E. DYKEMA and
    TAMMY D. DYKEMA,

        Debtors.

Case No. 18-27040-beh

Chapter 13

**ORDER DENYING U.S. BANK TRUST, N.A. MOTION FOR RELIEF FROM THE AUTOMATIC STAY BASED ON STIPULATION**

    The Court held a hearing on this matter on January 19, 2021, in which counsel for the creditor and debtor read an agreed resolution into the Court's record. The Court endorsed the agreement. On March 3, 2021, counsel for the creditor submitted a proposed order reflecting different terms than those stated on the record, but included electronic signatures from both counsel. Accordingly, the Court will treat the filing as a post-hearing stipulation.

    IT IS HEREBY ORDERED that the stipulation, which is attached to this Order, is approved and the parties are permitted to act according to its terms.

    This order is a Doomsday Order under this court's Uniform Procedure for Doomsday Orders; it incorporates and is subject to the Uniform Procedure for Doomsday Orders.

# # # # #

-----------------------------------------------------------------------------------------------------
## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN E. DYKEMA | ) | CASE NO. 18-27040 |
| TAMMY D. DYKEMA | ) | CHAPTER 13 |
| | ) | |
| DEBTORS | ) | |

### [STIPULATION] DENYING CREDITOR'S MOTION
### FOR RELIEF FROM THE AUTOMATIC STAY

In said District, on January 19, 2021, upon the Motion of U.S. Bank Trust, N.A., as Trustee of Bungalow Series F Trust, its successors and/or assigns to Modify the Automatic Stay, due notice having been served upon all parties in interest; the movant and the debtor(s) in agreement with the below terms and the Court having jurisdiction and being fully advised in the premises;

IT IS HEREBY ORDERED that the Automatic Stay shall remain in effect conditioned upon the following:

1. That in the event that debtor(s) become delinquent in their post-petition mortgage payments during the six-month period beginning with the March 1, 2021 payment, delinquent

being defined as having not been received by movant before the sixteenth (16th) day after which such payment is due, U.S. Bank Trust, N.A., as Trustee of Bungalow Series F Trust, its successors and/or assigns may file and serve on the court, debtor(s), their counsel, and the Trustee an Affidavit of Default and a proposed Order Modifying the Automatic Stay for the court's signature. Upon entry of such Order, the Automatic Stay in this cause shall be modified for U.S. Bank Trust, N.A., as Trustee of Bungalow Series F Trust, its successors and/or assigns to proceed against debtor(s) with foreclosure of the subject property, pursuant to Wisconsin law, without further order of the Court or proceeding being necessary, and thereafter commence any action necessary to obtain possession of the premises known as 3738 Schmidt Rd., De Pere, WI 54115. Monthly payments in the amount of $1577.44 are to be sent to creditor's Payment Processing Center at BSI Financial Services, 1425 Greenway Drive, Ste 400, Irving, TX 75038.

2. At the termination of the six-month period, Creditor may renew its Motion by letter notice to the Court, Debtor(s), and Debtor's attorney, should payments not be received by movant before the sixteenth (16th) day after which such payment is due.

3. Regular on-going installment payments will commence March 1, 2021 in the amount of $1577.44.

4. In order to cure the remaining post-petition arrearage alleged in the Motion, U.S. Bank Trust, N.A., as Trustee of Bungalow Series F Trust, its successors and/or assigns is granted leave to file a supplemental Proof of Claim in the amount of $4113.32 consisting of two payments from January 1, 2021 to February 1, 2021 of $1577.44 each; Filing Cost of $181.00, and Attorney's Fees of $850.00, minus suspense held in the amount of $72.56. The debtors further agree to modify the plan, if necessary, to accommodate payment of the supplemental claim. In the alternative, Debtors may pay the remaining arrearage directly to movant.

5. This order is a Doomsday Order under this court's Uniform Procedure for Doomsday Orders; it incorporates and is subject to the Uniform Procedure for Doomsday Orders.

/s/ Michael Dimand  
Attorney for Creditor

/s/ Lawrence Vesely  
Attorney for Debtors

#####